**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JASMINE JONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JERRY VERHAGEN, individually, d/b/a ) <br> HAMLIN ROSS & ASSOCIATES, ) <br> ) <br> Defendant. ) | Case No. 4:21-cv-1222 |

**PLAINTIFF'S COMPLAINT**

Plaintiff, JASMINE JONES ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, JERRY VERHAGEN, individually, d/b/a HAMLIN ROSS & ASSOCIATES ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et al. ("TDCA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k and 15 U.S.C. § 1693(m).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Houston, Harris County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is an individual residing in the City of North Tonawanda, Niagara County, State of New York.

13. Defendant engaged in the collection of debt within the State of Texsas.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

19. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

20. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

**FACTUAL ALLEGATIONS**

21. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

22. The alleged debt at issue arises from transactions for personal, family, and household purposes.

23. Defendant does business under the veil of "Hamlin Ross & Associates."

24. Hamlin Ross & Associates is not a legitimate entity.

25. Hamlin Ross & Associates is not a licensed debt collection agency.

26. Hamlin Ross & Associates is a fictitious name that Defendant uses to collect outstanding

consumer debt.

27. Hamlin Ross & Associates falsely advertises that it has been in business for over 20 years[1].

28. Within the past year of Plaintiff filing this Complaint, Defendant began placing calls to Plaintiff on Plaintiff's telephone at xxx-xxx-1226, in an attempt to collect the alleged debt.

29. On or about October 5, 2020, Defendant left the following voicemail message on Plaintiff's telephone:

   a. "This message is solely intended for Jasmine Jones. This is [Tanya 00:00:05] Washington. You and I spoke yesterday. Just need a return call back in regards to this legal matter that we have here under your name and social security number. You can reach me at toll-free number 833-437-0484. My extension is 107. Again, Tanya Washington. Your file number is 1343524. Thank you."

30. The telephone number 833-437-0484 belongs to Defendant.

31. Defendant is or should be familiar with the FDCPA and TDCA.

32. Defendant knows or should know the FDCPA and TDCA require a debt collector to disclose the caller's identity when communicating with a consumer.

33. Defendant knows or should know the FDCPA and TDCA require a debt collector to disclose that the communication is an attempt to collect a debt when communicating with a consumer.

34. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

35. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

36. Defendant acted with intent to annoy and harass Plaintiff.

---

[1] https://hamlinrossassociates.com/ (last accessed April 12, 2021).

37. To date, Defendant has not taken legal action Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-seven (37) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

39. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d(6) of the FDCPA by placing a call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant left a voicemail message for Plaintiff on Plaintiff's telephone and did not disclose the communication is from Hamlin Ross & Associates;

    b. Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount or legal status of any debt, when Defendant falsely represented that a legal matter is pending against Plaintiff;

    c. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken, when Defendant veiled threats of legal action when Defendant did not intend to take such action;

    d. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant falsely represented that legal action was taken against Plaintiff;

    e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant left a voicemail message for Plaintiff on Plaintiff's telephone and did not disclose that the communication is from a debt

5

    collector attempting to collect a debt; and

  f. Defendant violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, JASMINE JONES, respectfully requests judgment be entered against Defendant, JERRY VERHAGEN, individually, d/b/a HAMLIN ROSS & ASSOCIATES, for the following:

40. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

41. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

42. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

43. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-seven (37) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

44. Defendant violated the TDCA based on the following:

  a. Defendant violated Tex. Fin. Code § 392.302(2) by placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number, when Defendant left a voicemail message for Plaintiff on Plaintiff's telephone and did not disclose the communication is from Hamlin Ross & Associates;

  b. Defendant violated Tex. Fin. Code § 392.304(5)(A) by failing to disclose the communication is an attempt to collect a debt and that any information will be used

6

for that purpose, when Defendant left a voicemail message for Plaintiff on Plaintiff's telephone and did not disclose that the communication is from a debt collector attempting to collect a debt; and

c. Defendant violated Tex. Fin. Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt, when Defendant veiled threats of legal action when Defendant did not intend to take such action, when Defendant falsely represented that a legal matter is pending against Plaintiff and when Defendant veiled threats of legal action when Defendant did not intend to take such action.

WHEREFORE, Plaintiff, JASMINE JONES, respectfully requests judgment be entered against Defendant, JERRY VERHAGEN, individually, d/b/a HAMLIN ROSS & ASSOCIATES, for the following:

45. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

46. For attorneys' fees, costs and disbursements;

47. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

48. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  April 14, 2021						RESPECTFULLY SUBMITTED,


							By: /s/ Taylor L. Kosla
								Taylor L. Kosla
								IL SBN: 6327180
								Agruss Law Firm, LLC
								4809 N. Ravenswood Ave., Suite 419
								Chicago, IL 60640
								Tel: 312-224-4695
								Fax: 312-253-4451
								taylor@agrusslawfirm.com
								Attorney for Plaintiff